IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DONTAYE KING,**

          **Plaintiff,**

vs.

**JAMES BAILEY, et al.,**

          **Defendants.**

Case No. CIV-23-244-JFH-JAR

### DEFENDANT BAILEY'S ANSWER TO PLAINTIFF'S COMPLAINT.

COMES NOW Defendant Bailey, by and through his attorney of record, Darrell L. Moore, OBA #6332, submitting his Answer in opposition to Plaintiff's Complaint filed with the Court on July 21, 2023. Defendant's Answer is presented in the same numerical sequence and style as presented by the Plaintiff, to the extent possible.

### PARTIES, JURISDICTION, AND VENUE

**(Complaint Pg. 2 of 15)**

**I. Jurisdiction:** Defendant admits that Jurisdiction is proper.

**II. Plaintiff Information:** Defendant admits Plaintiff, Dontaye King, DOC# 886884 was housed by the Oklahoma Department of Corrections at CoreCivic's Davis Correctional Facility. Defendant is unaware of any record or notation that identifies Plaintiff as Landon Taylor, therefore the same is denied and strict proof thereof is demanded.

**III. Prisoner Status** Admitted that records reviewed by Defendant confirm that Plaintiff is a convicted and sentenced state prisoner.

**(Complaint Pg. 3 of 15)**

**IV. Defendant's Information:** Defendant admits that at all times relevant to this matter he worked as a Unit Manager at Davis Correctional Facility.

**(Complaint Pg. 4 of 15)**

Plaintiff makes no allegations on Pg 4.

**(Complaint Pg. 5 of 15)**

Plaintiff makes no allegations on Pg 5, noting only *See attached* under "V. STATEMENT OF CLAIMS" and "Facts."

**(Complaint Pg. 6 of 15)**

Plaintiff makes no allegations on Pg 6.

**(Complaint Pg. 7 of 15)**

**VI: RELIEF REQUESTED:** Plaintiff makes no allegations on Pg 7, noting only *See attached*.

**VII. PRISONER LITIGATION HISTORY:** (Plaintiff has checked "no" to the inquiry "Have you brought any other lawsuits in federal court while a prisoner?)

**(Complaint Pg. 8 of 15)**

**VIII. PLAINTIFF'S DECLARATIONS:** Plaintiff makes no allegations on Pg 8, simply signing "LT" for his signature and dating the Complaint 07/18/2023.

**(Complaint Pg. 9 of 15)**

**A. Claim 1, Facts:** Defendant Bailey denies that any of the Plaintiff's constitutional rights were violated. Defendant Bailey denies that he acted at any time with deliberate indifference to Plaintiff's rights or that any action of Defendant Bailey constituted cruel and unusual punishment. Defendant Bailey denies that he failed to protect Plaintiff or that he disregarded any

risk to Plaintiff.  Defendant denies Plaintiff's allegation that he (Defendant Bailey) failed to reasonably respond to or protect Plaintiff.

Defendant Bailey admits he was a Unit Manager at Davis Correctional Facility during the time relevant to this action.  Defendant Bailey admits he was one of the staff members who had authority to relocate inmates on housing units. Defendant Bailey admits that as a Unit Manager he maintained an office on one of the housing units.  Defendant Bailey denies that he was directly notified by Plaintiff that Plaintiff believed his safety was in danger.  Defendant Bailey asserts facility housing history records indicate Plaintiff was housed on the AN housing unit from August 2, 2022, to November 17, 2022. Any remaining allegations by Plaintiff are denied.

**(Complaint Pg. 10 of 15)**

**A. Claim1, Cont.:** Defendant Bailey denies Plaintiff's allegations regarding any inmates, those inmates assaulting Plaintiff, and/or that Defendant Bailey told any inmate anything regarding Plaintiff. Defendant Bailey denies that he was in any way responsible for, or the cause of any altercation Plaintiff was involved in on August 25, 2022.

Defendant Bailey denies that Plaintiff had requested protection or submitted to staff separation requests related to any inmate referenced by Plaintiff in this lawsuit.  Defendant Bailey denies that any inmate was moved onto a unit where Plaintiff was housed for any reason other than for housing. Any remaining allegations by Plaintiff are denied.

 **(Complaint Pg. 11 of 15)**

**A. Claim 1, Cont.:** Defendant Bailey denies Plaintiff's allegations regarding Plaintiff, Plaintiff's housing, the housing of other inmates, and Plaintiff's claims of having been assaulted. Defendant denies Plaintiff properly sought protection from other inmates.

Defendant Bailey denies Plaintiff's allegations that he failed to take appropriate action or reasonable measures with regards to Plaintiff and Plaintiff's safety at any time.

**(Complaint Pg. 12 of 15)**

**A. Claim 1, Cont.:** Defendant Bailey denies Plaintiff's allegations. Defendant denies he disregarded any risk to the Plaintiff's safety. Defendant Bailey denies he failed to take reasonable measures to protect Plaintiff. Defendant Bailey denies he in any way, purposefully or otherwise, put Plaintiff in harm's way. Plaintiff Bailey denies he at any time and in any way labeled Plaintiff.

**(Complaint Pg. 13 of 15)**

**A. Claim 1, Cont.:**

Defendant Bailey denies Plaintiff's allegations. Defendant Baliey denies that Plaintiff's safety was placed at risk at any time by any of Defendant's alleged actions or inactions. Defendant Bailey denies he at any time failed to take reasonable measures to guarantee the safety of Plaintiff. Defendant Bailey denies he breached any duty owed to the Plaintiff. Defendant Bailey denies he is responsible for any injury alleged by Plaintiff.

**(Complaint Pg. 14 of 15)**

**VI. RELIEF REQUESTED:**

<u>**COMPENSATORY DAMAGES**</u>

Defendant's responses to Plaintiff's allegations contained on pages 1-14 are incorporated herein by reference. Plaintiff has shown no actual injury. Defendant Bailey has denied any and all allegations that he in any way is responsible for any injury Plaintiff may claim.

Defendant Bailey further asserts that Plaintiff has not established any basis for an award of compensatory damages.

## PUNITIVE DAMAGES

Defendant's responses to Plaintiff's allegations contained on pages 1-14 are incorporated herein by reference.  Plaintiff has shown no actual injury.  Defendant Bailey has denied any and all allegations that he in any way is responsible for any injury Plaintiff may claim.

Defendant Bailey further asserts that Plaintiff has not established any basis for any award of damages, punitive or otherwise.

## CONCLUSION

WHEREFORE, Defendant respectfully prays the Court enter its order of judgment in favor of Defendant and against the Plaintiff.  Plaintiff's allegations are denied.  Defendant denies Plaintiff is entitled to any relief of any kind, monetary or otherwise.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As separate affirmative defenses to the averments contained in the Plaintiff's Complaint, Defendant states as follows:

1.      As a separate and alternative affirmative defense, Defendant asserts Plaintiff has failed to state a claim or claims upon which relief could be granted against this answering Defendant.  To state a claim in federal court, a complaint must explain what a Defendant did to the Plaintiff, when the Defendant did it, how the Defendant's action harmed the Plaintiff, and what specific legal right the Plaintiff believes the Defendant violated. *See* Nasious v. Two Unknown B.I.C.E Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff has failed to plausibly plead that Defendant, by virtue of their own conduct and state of mind, violated the Constitution. *See* Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010).

2. As a separate and alternative affirmative defense, Defendant asserts the alleged actions of Defendant, which are specifically denied, were not the direct, legal, proximate cause of Plaintiff's alleged injuries and damages.

3. As a separate and alternative affirmative defense, Defendant asserts that pursuant to 57 O.S. §566.4(B)(1), no policy or internal management procedure issued for the management of a prison or jail shall constitute any contractual relationship or obligation between the prison or any of its officers, members, servants or employees and the prisoner.

4. As a separate and alternative affirmative defense, Defendant asserts that the Plaintiff failed to properly exhaust his administrative remedies as to the claims brought forward in this action.

5. As a separate and alternative affirmative defense, Defendant asserts that the Plaintiff's alleged injuries, if any, were proximately caused by an independent intervening cause for which Defendant is not liable.

6. As a separate and alternative affirmative defense, Defendant asserts that at all times material to Plaintiff's Complaint, Defendant acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

7. As a separate and alternative affirmative defense, Defendant asserts that Plaintiff's alleged injuries, losses, and damages if proven, were the result of the negligence and/or wrongful criminal conduct of Plaintiff and him being a member of the Neighborhood Crips prison gang.

8. As a separate and alternative affirmative defense, Defendant asserts that the constitutional rights of Plaintiff were not violated.

9. As a separate and alternative affirmative defense, Defendant asserts that he is not liable for any tortious and/or criminal conduct of any inmate.

10. As a separate and alternative affirmative defense, Defendant asserts he did not breach any legal duty owed to Plaintiff.

11. As a separate and alternative affirmative defense, Plaintiff's injuries, if any exist were caused by the Plaintiff's own actions related to his membership in a prison gang.

12. As a separate and alternative affirmative defense, this Defendant's judgment in connection with the safety and security of Plaintiff was objectively reasonable and did not violate clearly established law.

13. As a separate and alternative affirmative defense, Defendant's conduct did not evince a reckless disregard for Plaintiff's safety, health, or welfare.

14. As a separate and alternative affirmative defense, Defendant asserts that he was not on actual or constructive notice of a substantial or unreasonable risk of harm to Plaintiff.

15. As a separate and alternative affirmative defense, Defendant asserts he has never acted with deliberate indifference to Plaintiff's health, safety, or medical needs.

16. As a separate and alternative affirmative defense, Defendant asserts that Defendant was not on actual or constructive notice, nor should Defendant have reasonably foreseen, an alleged harm to Plaintiff, such that Defendant had a duty to foresee and prevent the alleged harm to Plaintiff.

17. As a separate and alternative affirmative defense, Defendant asserts that if Plaintiff has made any state law claims, said claims are barred in that he did not first comply with the notice requirements of 57 O.S. §566.4(B)(2).

18.     As a separate and alternative affirmative defense, Defendant states he intends to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, Defendant prays the Court enter its order of judgment in favor of Defendant and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of his Complaint filed herein; and, that the Defendant be awarded attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
Defendant Bailey

BY: _____
Darrell L. Moore, OBA #6332
J. Ralph Moore, PC
P.O. Box 368
Pryor, OK  74362
Tele: (918) 825-0332
Fax: (918) 825-7730
darrellmoore@jralphmoorepc.com

## Certificate of Service

☐ I hereby certify that on December 4, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

☒  I hereby certify that on December 4, 2023, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Dontaye King, DOC 886884
Allen Gamble Correctional Center
6888 E. 133rd Road
Holdenville, OK 74848

_____
DARRELL L. MOORE